UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MARCUS SHOENTHAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:21-cv-79-RLM-KMB |
| ) | |
| CITY OF SEYMOUR, CHIEF BRYANT ) | |
| LUCAS (IN HIS OFFICIAL AND ) | |
| INDIVIDUAL CAPACITY) ) | |
| ASSISTANT CHIEF GREG O'BRIAN ) | |
| and CAPTAIN JOHN WATSON (IN ) | |
| THEIR INDIVIDUAL CAPACITIES) ) | |
| ) | |
| Defendants. ) | |

O R D E R

The defendants – the City of Seymour, Indiana, and three of its senior police officers – contend that plaintiff Marcus Shoenthal lacks standing to bring this case in this court because the trustee of the bankruptcy estate has the exclusive right to prosecute the alleged claims. As a result, the Seymour defendants seek dismissal pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. For the foregoing reasons, the court denies the Seymour defendants' motions to dismiss and grants Mr. Shoenthal's motion to file a surreply.

1

BACKGROUND FACTS

On March 31, 2019 Marcus Shoenthal filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana [Cause No. 19-90485-AKM-13]. As part of the bankruptcy filing, Mr. Shoenthal submitted a schedule of property that stated that he had no claims against third parties. On March 28, 2021, Mr. Shoenthal filed a charge with the Equal Employment Opportunity Commission alleging claims against these defendants related to his employment and subsequently filed this lawsuit on May 11, 2021. On May 4, 2021, Mr. Shoenthal's attorney sent a tort claim notice to the mayor of Seymour, Indiana enclosing a letter notifying the Seymour police chief that Mr. Shoenthal suffered from disability discrimination and retaliation in violation of the Americans with Disabilities Act and Equal Protection Clause, and that his employment was wrongfully terminated. These letters contained a detailed description of the claims and damages.

On December 30, 2021, Mr. Shoenthal modified his bankruptcy disclosure schedules relating to his current employment, but didn't make amendments to disclose this lawsuit. Mr. Shoenthal disclosed during his February 2022 deposition that he hadn't disclosed this lawsuit to the bankruptcy trustee but that he had intended to. On October 4, 2022, defendants filed this motion to dismiss on the basis that Mr. Shoenthal lacks standing and jurisdiction to pursue his claims on the basis that Mr. Shoenthal hadn't disclosed this lawsuit to the bankruptcy estate and bankruptcy court.

Between the defendants' filing of their motion to dismiss and Mr. Shoenthal's response, Mr. Shoenthal amended his bankruptcy schedule to include a disclosure that stated "[o]n May 4, 2021, Mr. Shoenthal submitted notice of tort claim to City of Seymour." [Doc. No. 71-4]. Also during that time, Mr. Shoenthal's counsel, the bankruptcy trustee, and Mr. Shoenthal's bankruptcy counsel agreed that Mr. Shoenthal gave notice to the trustee that, "[o]n May 4, 2021, Mr. Shoenthal submitted notice of tort claim to City of Seymour ('the Claim')." [Doc. No. 71-3]. The agreement also gave Mr. Shoenthal permission to pursue this case on behalf of the bankruptcy estate. The agreement was filed in the bankruptcy proceeding. [Cause No. 19-90485-AKM-13, Doc. No. 63].

After the defendants filed their reply briefs in support of their motions to dismiss, Mr. Shoenthal moved to file a surreply in light of the new factual circumstances that arose surrounding the agreement and communications with the bankruptcy trustee and bankruptcy court.

MOTION TO FILE A SURREPLY

Mr. Shoenthal filed a motion to file a surreply in support of his response brief in opposition to the motion to dismiss. [Doc. No. 75]. The local rules don't contemplate a surreply in motions to dismiss. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as ... new arguments in a reply brief." Meraz-Camacho v. United States, 417 F. App'x 558, 559 (7th Cir. 2011). Mr. Shoenthal maintains

3

a surreply is necessary to address new substantive arguments and additional evidence that the defendants raise in their reply brief. The defendants disagree and say that their reply raised no new evidence and no new arguments.

In most circumstances, the court is hesitant to grant a motion to file a surreply, but the court exercises its discretion to grant this motion to file a surreply for multiple reasons. Relevant factual circumstances changed from the time the defendants filed their initial motions to dismiss and Mr. Shoenthal's response briefs. The defendants originally argued that Mr. Shoenthal didn't disclose this lawsuit to the bankruptcy estate or court at all. Then Mr. Shoenthal modified his bankruptcy schedule to include this lawsuit and presented facts that could demonstrate that he properly notified the bankruptcy trustee of this lawsuit. In their reply, the defendants understandably modified their argument to respond to the new factual circumstances and argued that Mr. Shoenthal's disclosure insufficient to establish standing. Mr. Shoenthal's proposed surreply responds to the defendants' modified argument. The defendants' new argument based on the change in factual circumstances is a valid reason to grant the motion to file a surreply.

Mr. Shoenthal also provided additional documents that assist the court in determining whether Mr. Shoenthal disclosed this lawsuit to the bankruptcy trustee. Mr. Shoenthal's disclosure or efforts of a disclosure is the dispositive issue on the motions to dismiss so denying leave for a surreply would prevent the court from thoroughly and accurately evaluating whether the court has

subject matter jurisdiction. Therefore, the court considers the facts and response presented in Mr. Shoenthal's proposed surreply and grants the motion.

### MOTION TO DISMISS STANDARD

The defendants ask the court to dismiss Ms. Shoenthal's claims pursuant to two rules: Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). In both motions, the defendants argue that the court lacks subject matter jurisdiction because Mr. Shoenthal lacks standing to bring his claim. Because of Rule 12(h)(3) and the well-established principle that subject matter jurisdiction may be challenged at any time, the court can consider 12(b)(1) motions even if they are filed after the time for responsive pleading. See Casio, Inc. v. S.M. & R., 755 F.2d 528, 530 (7th Cir. 1985). Whether the court calls the challenge to Mr. Shoenthal's standing a 12(b)(1) motion or 12(h)(3) motion, the analysis and standard is the same.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is to test the sufficiency of the complaint, not to decide the merits of the case. Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject-matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal courts. In re Chicago, R.I. & P.R. Co., 794 F.2d 1182, 1188 (7th Cir.1986). Whether a plaintiff has standing to bring a lawsuit is a jurisdictional requirement which may be challenged through a motion made pursuant to Rule 12(b)(1). Hoffman v. Gard, 2010 WL 4226177 (S.D. Ind. 2010).

There are a few factual disputes as to what has been submitted to the bankruptcy trustee and bankruptcy court, and the court's subject matter jurisdiction is at issue with respect to Seymour defendants' motion pursuant to Rules 12(b)(1) and 12(h)(3), so the court must look beyond the allegations in the complaint to determine if it has jurisdiction to hear Mr. Shoenthal's claims. *See* Hay v. Ind. State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002). A factual attack on standing, in a motion to dismiss for lack of subject matter jurisdiction, tests the existence of jurisdictional facts underlying the allegations. Fed. R. Civ. P. 12(b)(1).

In deciding a factual challenge in a motion to dismiss for lack of subject matter jurisdiction, the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action. Fed. R. Civ. P. 12(b)(1); *see also* Bazile v. Fin. Sys. of Green Bay, Inc., 983 F.3d 274, 279 (7th Cir. 2020); Craftwood II, Inc. v. Generac Power Sys., Inc., 920 F.3d 479, 481 (7th Cir. 2019). Both parties submitted additional evidence in their briefing on the motions to dismiss and the court considers this evidence in its determination.

Mr. Shoenthal is mistaken when he argues that the defendants waived a subject matter jurisdiction challenge; as just discussed, subject matter jurisdiction can be challenged at any time. The court focuses its analysis on whether Mr. Shoenthal has standing to bring this lawsuit in light of his concurrent bankruptcy proceeding.

A<small>NALYSIS</small>

Several courts have analyzed a debtor lacking standing to prosecute a claim that belongs to the bankruptcy estate. The opening of a Chapter 13 bankruptcy requires a debtor to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also* 11 U.S.C. § 1306(a). The bankruptcy estate's property includes causes of action belonging to the debtor at the time the case is commenced, including employment discrimination claims. Cannon Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006) ("[T]he estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims ..."). It is undisputed by the parties that Mr. Shoenthal's lawsuit is property of the bankruptcy estate, and that Mr. Shoenthal is required to disclose it to his bankruptcy estate.

Courts in this district have determined that whether a court has subject matter jurisdiction over claims that plaintiffs failed to disclose to their bankruptcy estates and analyzed standing is a jurisdictional question. Stone v. Stenz, 2008 WL 2184900, at *1 (S.D. Ind. May 21, 2008); Kumar v. Tata Consultancy Services Ltd., 2018 WL 419985, at *2 (S.D. Ind. Jan. 16, 2018) (analyzing whether bankruptcy debtor had standing to sue under Rule 12(b)(1)). Whether the notice provided was misleading, the nature and extent of the disclosures, and the timing of the disclosures are all questions that can be considered under a judicial estoppel theory at the summary judgment stage of the litigation, not a motion to dismiss for subject matter jurisdiction. Matthews

v. Potter, 316 F. App'x 518, 521 (7th Cir. 2009)(" a debtor who conceals claims in a bankruptcy proceeding is estopped from later recovering on those claims.")

So the question for the court at this point is limited to whether Mr. Shoenthal disclosed this lawsuit to the bankruptcy estate and court. Because the bankruptcy proceedings are ongoing, a Chapter 13 debtor like Mr. Shoenthal can inform the trustee of previously undisclosed claims. Rainey v. UPS, Inc., 466 Fed. Appx. 542, 544 (7th Cir. 2012). Mr. Shoenthal may also litigate the claims on behalf of the estate and for the benefit of the creditors. Id. Based on the evidence, the court finds that Mr. Shoenthal has standing to bring this lawsuit on behalf of the bankruptcy estate.

The defendants argue that Mr. Shoenthal hasn't fully disclosed this lawsuit to the bankruptcy estate and that this lawsuit should be dismissed because of the failure to sufficiently disclose. The defendants argue that, "Plaintiff only disclosed one of his claims to the bankruptcy court: his defamation claim. He omitted his five other claims in this lawsuit . . ." [Doc. No. 73 at 1]. Mr. Shoenthal responds that the notice of tort claim, the correspondence between the bankruptcy trustee and Mr. Shoenthal's attorney, and the retention and compensation agreement suffice to show that the bankruptcy trustee was put on notice of the claims brought in this lawsuit.

The logical first place to start in determining whether Mr. Shoenthal disclosed this lawsuit is the bankruptcy proceeding. For more than a year into the bankruptcy litigation, Mr. Shoenthal neglected his duty to disclose this lawsuit to the bankruptcy court. Eventually, he disclosed this case in an

8

amended bankruptcy schedule. [Case No. 19-90485-AKM-13, Doc. No. 64]. On the Form 106A/B, Mr. Shoenthal discloses that "On May 4, 2021, Mr. Shoenthal submitted a notice of tort claim to City of Seymour." [Id.]. The Form A/B also lists the attorney in this matter and his contact information. The tort claim notice referenced in the bankruptcy schedule outlines the claims described in the complaint including a wrongful termination claim, and discrimination claims, including violations under the ADA and Equal Protection Clause. Although the Form A/B could have been more detailed as to the specific claims Mr. Shoenthal brings against the defendants in this lawsuit, the disclosure is likely enough to provide notice.

The court doesn't have to exclusively rely on the language in the Form A/B to determine whether Mr. Shoenthal has standing, because Mr. Shoenthal presents other persuasive evidence that demonstrate that the bankruptcy trustee and court were put on notice. Even if the bankruptcy schedule is not enough to put the bankruptcy trustee on notice of Mr. Shoenthal's claims, the email correspondence with the bankruptcy trustee, and Mr. Shoenthal's retention and compensation agreement with his attorney in this lawsuit, his bankruptcy attorney, and the bankruptcy trustee – which was filed in the bankruptcy proceeding – establish sufficient notice of the lawsuit.

At this point, the bankruptcy trustee has received copies of the amended complaint in this case [Doc. No. 73-1] and a copy of Mr. Shoenthal's most recent demand letter with an attached copy of the tort claims notice [Doc. No. 73-1]. The bankruptcy trustee also entered into an agreement with Mr. Shoenthal's

9

counsel in this case and Mr. Shoenthal's bankruptcy counsel that Mr. Shoenthal can litigate the claims in the tort claim notice on behalf of the estate. [Doc. No. 75-2]. The agreement was filed in the bankruptcy proceeding. [Case No. 19-90485-AKM-13, Doc. No. 64]. The defendants argue that references to the "tort claim notice" in the agreement only put the bankruptcy trustee on notice of the defamation claim, and not the other federal claims in Mr. Shoenthal's amended complaint. As already discussed, the torts claim notice identifies that Mr. Shoenthal has suffered injury in violation of the ADA and Equal Protection Clause and contains pages of facts describing the federal claims. The bankruptcy trustee, Mr. Shoenthal's bankruptcy attorney, and Mr. Shoenthal's attorney in this case were on sufficient notice of this lawsuit for purposes of establishing standing when they entered an agreement allowing Mr. Shoenthal to pursue this lawsuit on behalf of the bankruptcy estate.

By showing that he is permitted to pursue his claims on the bankruptcy estate's behalf, Mr. Shoenthal has met his burden to prove that this court has subject-matter jurisdiction over his claims. Thomas v. Indiana Oxygen Co., 32 F. Supp. 3d 983, 988 (S.D. Ind. 2014) (concluding that Chapter 13 debtor had standing to litigate his discrimination and retaliation claims this court after informing the trustee of previously undisclosed claims when the bankruptcy proceedings were still ongoing).

CONCLUSION

For the foregoing reasons, the court DENIES the defendants' motions to dismiss [Doc. Nos. 59 and 61] and GRANTS Mr. Shoenthal's motion to file a surreply [Doc. No. 75].

SO ORDERED

ENTERED:   March 1, 2023

                                                /s/ Robert L. Miller, Jr.
                                              Judge, United States District Court

Distribution to all counsel of record via CM/ECF.